IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODE WAYNE VOCU,<br><br>Defendant. | Case No. 1:19-cr-086<br><br>**UNITED STATES' MOTION FOR RESTITUTION** |

The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, hereby submits the following motion for restitution.

On December 9, 2019, Rode Wayne Vocu ("Vocu") was sentenced as to one count of Arson under 18 U.S.C. §§ 81, 1153, and 2 for the intentional destruction of the Memorial Congregational Church, White Shield, ND on April 22, 2019.  Doc. 40 (Judgment).  Vocu was sentenced to a term of incarceration and supervision and ordered to pay a special assessment in the sum of $100.00.  Id. at 6.  The Court ordered that restitution would be deferred until March 8, 2020.  Id.  On March 6, 2020, this Court granted the United States' motion and ordered that restitution be deferred until May 7, 2020.  Doc. 43 (Order).  The parties have not resolved the issue of restitution via a stipulation, therefore, the United States submits this motion on behalf of Vocu's victim.

**A.    Restitution is Mandatory under the Mandatory Victims Restitution Act (MVRA)**

When a defendant is convicted of an offense resulting in damage to or loss or destruction of property and a victim suffers a loss, the Mandatory Victim Restitution Act

(MVRA) applies.  See 18 U.S.C. §§ 3663A(c)(1)(A)(ii) and (B) (providing that "[t]his section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense . . . that is . . . an offense against property. . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.") (emphasis added).  The MVRA defines a victim as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2); United States v. Reichow, 416 F.3d 802, 804 (8th Cir. 2005).

In the present case, Vocu was convicted of Arson for setting fire to the Memorial Congregational Church ("church") located in White Shield, ND on April 22, 2019.  Doc. 2 (Indictment).  The Parshall Memorial Congregational Church board ("church board") submitted a claim for restitution in this case.  Ex. A (Victim letter dated Feb. 25, 2020). The restitution sought by the church board is a direct and proximate cause of the offense for which Vocu was convicted, and as such, restitution is required in this matter.  United States v. DeRosier, 501 F.3d 888, 896 (8th Cir. 2007) (noting that "[r]estitution may only be awarded 'for the loss caused by the specific conduct that is the basis of the offense of the conviction'") (citing Hughey v. United States, 495 U.S. 411, 413 (1990)).  Any restitution imposed "must be based on the amount of loss *actually* caused by the defendant's offense."  United States v. Frazier, 651 F.3d 899, 903-904 (8th Cir. 2011). While restitution must be limited to the actual loss caused by a defendant, courts may rely upon and impose restitution based upon an estimate of that victim's loss especially when restitution may be difficult to calculate.  United States v. Carpenter, 841 F.3d 1057, 1060 (8th Cir. 2016) (noting that the "district court need make only a reasonable estimate of

the loss, and we accord particular deference to the loss determination because of the district court's unique ability to assess the evidence and estimate the loss.") (*citation omitted*).

### 1.   Calculating Victim's Actual losses

Under the MVRA, if a defendant is convicted of an offense against property and because of that offense, a victim suffers a loss of property, that defendant shall be required to:

> (A)   return the property to the owner of the property or someone designated by the owner; or
> (B)   <u>if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to</u> –
>   (i)   the greater of –
>     (I)   the value of the property on the date of the damage, loss, or destruction; or
>     (II)   the value of the property on the date of sentencing, less
>   (ii)   the value (as of the date the property is returned) of any part of the property that is returned.

18 U.S.C. § 3663A(b)(1)(A) and (B) (emphasis added).

In this case, the fire set by Vocu resulted in destruction and total loss to the church rendering any "return of the property," impossible. Doc. 31 (Presentence Investigation Report ("PSR") at ¶ 8). Therefore, based upon this statue, the victim is entitled to payment representing the "value of the property." <u>United States v. Bagley</u>, 907 F.3d 1096, 1099 (8th Cir. 2018). Two known variables in calculating the "value of the property" are 1) the property at issue was Memorial Congregational Church located in White Shield, North Dakota and 2) the church was destroyed by fire on April 22, 2019. However, a third variable is "value," and as recognized by several courts, including the

3

Eighth Circuit, the MVRA is silent as to how courts should determine that "value." Frazier, 651 F.3d at 904 (noting that the MVRA "instructs a court as to the point in time when property should be valued, but it declines to prescribe any particular method to be used in determining the "value" of lost or damaged property."); United States v. Statman, 604 F.3d 529, 538 (8th Cir. 2010) (noting that the "MVRA does not provide a specific methodology to employ when valuing property."). Rather, courts have the discretion in determining which measure of property value best suits the unique facts in each case. Id. Those measures range from "fair market value, replacement costs, and foreclosure prices." Frazier, 651 F.3d at 904. As noted by the Eighth Circuit:

> To measure the value of destroyed property, other circuits have concluded "that fair market value generally provides the best measure to ensure restitution in the 'full amount' of the victim's loss, but that 'replacement value' is an appropriate measure. . . where the fair market value is either difficult to determine or would otherwise be an inadequate or inferior measure of the value necessary to the make the victim whole.

Bagley, 907 F.3d at 1099 (citations omitted). Despite these various measures, however, the same goal must be attained in that "the MVRA 'is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being.'" Statman, 604 F.3d at 538.

An additional fact to consider when determining the "value of the property" is that this church was nearly 100 years old. Memorial Congregational Church was established in 1926. Doc. 31 (PSR at ¶8). Based upon the victim's testimony, the church has not been operational on a full-time basis, but the congregation still held meetings and periodic services throughout the year prior to the fire on April 22, 2019. Ex. B (Victim

Aff.). Pastor Kevin Finley, President of the Fort Berthold Council of Congregational Churches, also informed the Court that "weddings, funerals and other celebratory events" were held at this church. Doc. 37 (Victim Impact Statement at 2). Many people hold a deep, personal connection and memories to this church given their own personal family history. Id.; Doc. 35 (Victim Impact Statement at 2). These attributes should also be taken into account and are certainly difficult to assign a value.

The Eighth Circuit found that in cases, such as this, where "the lost or damaged property lacks a viable market for determining fair market value or is unique and carries with it intangible value that cannot be easily measured . . . replacement value is the best measure of a victim's actual loss." Frazier, 651 F.3d at 908 (emphasis added). One case reviewed by the Eighth Circuit in making this decision involved a similar set of facts as in this case. Id. In United States v. Shugart, the Eleventh Circuit affirmed restitution imposed for losses suffered as a result of the defendant setting fire and destroying a century-old church. United States v. Shugart, 176 F.3d 1373 (11th Cir. 1999). Restitution was imposed based upon the "replacement value" of rebuilding the church. Id. at 1375-76. Distinctions made by the Eleventh Circuit in reaching its decision were "a church is not a fungible commodity" and "a church is unique, and valued by its members, precisely because of its location, its design, and the memories evokes." Id. at 1375. Other courts faced with a similar circumstances have also affirmed and/or imposed restitution based upon "replacement value," and the United States urges the Court to do so in this case. See e.g., United States v. Kaplan, 839 F.3d 795, 802-803 (9th Cir. 2016) (affirming restitution based upon the replacement value of personal belongings destroyed

5

in a fire since "fair market value would not have adequately captured the destroyed items' intangible, and perhaps sentimental, value to the victims."); United States v. Genschow, 645 F.3d 803, 814-815 (6th Cir. 2011) (finding "when destroyed property is unique or lacks a broad and active market, a court may look to the replacement cost to satisfy the [MVRA]."); United States v. Yellow, 221 F. Supp. 3d, 1142, 1146 (D.S.D. 2016) (finding "replacement cost is a better measure of the victims' loss than is fair market value.").

### 2. Memorial Congregational Church's Claim for Restitution

As noted above, the United States received a claim from the church board on February 28, 2020. Ex. A (Victim letter dated Feb. 25, 2020, at 2). The church board is the owner of the Memorial Congregational Church. Ex. B (Victim Aff. at 2). Since the church was not insured as of the date of the fire, the church board sought out estimates as to the cost of rebuilding the church. Doc. 31 (PSR at ¶ 8); Ex. B (Victim Aff. at 2). Ackerman-Estvold, an engineering-consultant firm located in Minot, ND, provided an estimate to the board on December 9, 2019. Ex. A (Victim letter dated Feb. 25, 2020, at 7). The estimate includes concepts and drawings of a new church building as well as two cost estimates for the board's review. Id. at 7-8. One estimate is based upon a wood structure and the second is based upon a steel structure. Id. It is the United States' understanding that the church board is seeking restitution in the sum of $374,000 which is the estimated sum for a steel structure. Id. at 3. Ackerman-Estvold's estimates are largely derived based upon historical cost data for reconstructing a church that is nearly 100 years old. Ex. B (Victim Aff. at 2).

The United States submits that the unique nature of the property and deep-routed history connected to this church is exactly what the Eighth Circuit envisioned when it held that a court may calculate a victim's loss on "replacement value," rather than actual cash value.  <u>Frazier</u>, 651 F.3d at 908.  While the imposition of restitution may never replace the memories of the original church, it may provide the victim with the ability to rebuild and its congregation an ability to create new memories with the legacy of the original church still in its vicinity.

**B.    CONCLUSION**

For the reasons stated above, the United States respectfully requests that the Court enter an Amended Judgment in this case imposing restitution in the sum of $374,000 to the Parshall Memorial Congregational Church, the victim of Vocu's crime.

Dated: April 24, 2020

>            DREW H. WRIGLEY
>            United States Attorney
>
> By:    /s/ *Dawn M. Deitz*_____
>            DAWN M. DEITZ
>            Assistant United States Attorney
>            ND Bar ID 06534
>            655 First Avenue North, Suite 250
>            Fargo, ND  58102-4932
>            (701) 297-7400
>            <u>dawn.deitz@usdoj.gov</u>
>            Attorney for United States