IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Rode Wayne Vocu, ) | Case No. 1:19-cr-086 |
| ) | |
| Defendant. ) | |

Defendant is charged in a petition with violating his conditions of supervised release. (Doc. No. 89). On April 4, 2024, he made his initial appearance on the petition and was ordered detained pending a preliminary hearing and detention hearing on April 9, 2024. (Doc. No. 96). The court subsequently cancelled the hearing and on April 8, 2024, issued an order releasing Defendant to Trinity Hospital ("Trinity") in Minot, North Dakota, for an evaluation and treatment for apparent mental health issues. (Doc. No. 101). Trinity was apparently unable to treat to Defendant due to security concerns at its facility and discharged him on April 10, 2024. Consequently, the court issued an order remanding Defendant back into Marshals Service Custody. (Doc. No. 102). Defendant is currently being housed by at the Ward County Jail.

On April 12, 2024, the United States Marshal' office contacted the court to request authorization to forcibly medicate Defendant. According to the United States Marshal, Defendant has refused to voluntarily take prescribed antipsychotics and has told that medical personnel that he is "going to wrestle" anyone who tries to administer them.

It is well-established that "the forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty," thus, triggering the protections

1

of the Due Process Clause. Washington v. Harper, 494 U.S. 210, 229 (1990). The person's liberty interest "must be balanced against competing state interests to determine whether it is outweighed by 'the demands of an organized society.'" Bee v. Greaves, 744 F.2d 1387, 1394 (10th Cir.1984) (quoting Youngberg v. Romeo, 457 U.S. 307, 320 (1982)). One competing state interest that may be sufficient to overcome a detainee's interest in avoiding unwanted medication without a hearing is an emergency that threatens the safety and security of detention center occupants. Id. at 1395-96.

The court finds that such an emergency exists here to warrant the medication of Defendant. Defendant's behavior previously precipitated the issuance an order for his transport to Trinity by ambulance for an evaluation and treatment. Defendant's continued behavior that prompted the instant request from the United States Marshal is disconcerting. Defendant is by all accounts extremely agitated and combative. The United States Marshal's request is imminently reasonable under the circumstances. Medication of Defendant will permit medical personnel assist in stabilizing him and otherwise serve to protect medical personnel and detention center staff.

Accordingly, the court **GRANTS** the United States Marshal's request to medicate Defendant.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court